UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | |
|---|---|
| PATRICK GRAVES § <br> § <br> V. § <br> § Civil Action No. 4:20-cv-00021 <br> WPX ENERGY PERMIAN, LLC, AIPC § <br> ENERGY LLC, AIPC ENERGY, INC., § <br> DECCA CONSULTING, INC., PAUL § <br> STERNADEL, AND BILLY LALONDE § | |

## **DEFENDANT WPX ENERGY PERMIAN, LLC'S NOTICE OF REMOVAL**

Defendant, WPX Energy Permian, LLC, ("WPX"), gives notice of removal of the civil action pending in the 109th Judicial District Court, Winkler County, Texas, styled *Patrick Graves v. WPX Energy Permian, LLC; AIPC Energy LLC; AIPC Energy, Inc.; Decca Consulting, Inc.; Paul Sternadel; and Billy Lalonde*, Cause No. DC20-17754, to the United States District Court for the Western District of Texas, Pecos Division. Contemporaneously herewith, WPX is filing a Notice of this Removal with the 109th Judicial District Court, Winkler County, Texas, and serving the Notice on all parties.

### STATEMENT OF GROUNDS FOR REMOVAL

**I.   SERVICE OF PROCESS & TIMELINESS OF REMOVAL**

1. WPX was served with process on February 25, 2020. Therefore, this Notice for Removal is timely filed under 28 U.S.C. §1446(b) within 30 days after the receipt by WPX of the first notice of the Plaintiff's Original Petition.

2. Decca Consulting, Inc. ("Decca") was also served with process on February 25, 2020. Decca consents to this removal.

3. Plaintiff has not served Defendants Billy Lalonde and Paul Sternadel. Because they have not been served, consent is not required from these unserved Defendants. *See* 28

U.S.C. §1446(b)(2)(A) ("all defendants who have been properly joined and served must join in or consent to the removal of the action") (emphasis added); *Moody v. Commercial Ins. Co.,* 753 F. Supp. 198, 200 (N.D. Tex. 1990) ("All defendants need not join in the petition for removal within the third day time period if (1) the non-joining defendant has not been served with service of process at the time the removal petition is filed . . . .").

4. Defendants AIPC Energy, LLC and AIPC Energy, Inc. are citizens of Texas, but their citizenship should be disregarded for the purpose of determining the right to remove and diversity jurisdiction because their joinder would be improper. Neither entity had any involvement in the operations or the employment relationships that are the subject of Plaintiff's claims.

## II.  DIVERSITY JURISDICTION

5. The United States District Court has original jurisdiction under 28 U.S.C. §1332. This action is removable under 28 U.S.C. §1441(a) and (b). Removal of this action is proper because there is complete diversity of citizenship among all properly-joined parties and unserved parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* Original Pet. ¶14 ("Plaintiffs seek monetary relief within the jurisdictional limits of this court and over $1,000,000.00.").

6. Plaintiff Patrick Graves, the Plaintiff, is a citizen and resident of Mississippi. *See* Original Pet. ¶6.

7. Defendant WPX is a citizen of Delaware and Oklahoma. It is a limited liability company formed in Delaware with its principal place of business in Oklahoma. The sole member of WPX is WPX Energy, Inc., which is also a citizen of Delaware and Oklahoma: it is a Delaware corporation with its principal place of business in Oklahoma.

8. Defendant Decca Consulting, Inc. is a citizen of Nevada and California: It is a corporation formed in Nevada with its principal place of business in California.

9. Defendants AIPC Energy, LLC and AIPC Energy, Inc. are alleged to be citizens of Texas. *See* Original Pet. ¶9.

10. Unserved Defendants Billy Lalonde and Paul Sternadel are alleged to be citizens of Texas. *See* Original Pet. ¶9.

11. There is thus complete diversity of citizenship among Plaintiff and the properly joined defendants, as well as the unserved defendants. The unserved defendants' inclusion as named defendants does not prevent removal under 28 U.S.C. 1441(b)(2) because they have not been properly joined and served. *See Donnelly v. Nissan Motor Co.*, No. 5:19-CV-0882-JKP, 2019 U.S. Dist. LEXIS 205932 (W.D. Tex. November 26, 2019), *citing Reynolds v. Pers. Rep. of the Estate of Johnson*, 139 F. Supp. 3d 838, 842 (W.D. Tex. 2015) (citing cases).

12. Moreover, the citizenship of the unserved defendants who are alleged to be Texas residents should be disregarded for the purpose of determining diversity jurisdiction because their joinder would be improper. A party is improperly joined if the plaintiff is unable to establish a cause of action against the party in state court. To establish improper joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the party in state court. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (*en banc*) (*citing Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)). If a plaintiff improperly joins a defendant, then the court may disregard the citizenship of that defendant, dismiss the defendant from the case, and exercise subject matter jurisdiction over the remaining diverse defendant. *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016).Thus, the test for improper joinder is whether the defendant

has demonstrated that there is no possibility of recovery by the plaintiff against a defendant. *Flagg v. Stryker Corp.*, 819 F.3d at 136. In most cases, to determine whether the plaintiff has any possibility of recovery against a defendant, the court should conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. *Id*. (citing *Smallwood v. Illinois Cent. R. Co*., 385 F.3d 568, 573 (5th Cir. 2004)). However, where the plaintiff's complaint has misstated or omitted discrete facts that would determine the propriety of joinder, the court may instead pierce the pleadings and conduct a summary inquiry. *Id*. (citing *Smallwood* at 573).

13. In his Original Petition, Plaintiff improperly named Billy Lalonde and Paul Sternadel as the company men he believed to be working on the rig at the time of Plaintiff's alleged accident. Neither Lalonde nor Sternadel were the company men on the rig at the time of the incidents alleged by Plaintiff. Plaintiff also improperly joined AIPC Energy, LLC and AIPC Energy, Inc., as neither entity had any involvement in the operations or the employment relationships that are the subject of Plaintiff's claims. Both entities forfeited their existences in 2015 and have no relation to this incident. Accordingly, Plaintiff has no legal basis for his claims against Lalonde, Sternadel, or either AIPC entity, and these improperly joined defendants should be dismissed.

### III. VENUE

14. Venue is proper in this district under 28 U.S.C. §1441(a) because the 109th Judicial District Court, Winkler County, Texas, in which Cause No. DC20-17754 is pending, lies within the United States District Court for the Western District of Texas, Pecos Division.

**IV.     JOINDER OR CONSENT OF ALL DEFENDANTS**

15.     For removal under 28 U.S.C. § 1441(a), "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). WPX and Decca are the only properly joined and served defendants, and they have each joined or consented to removal of this action pursuant to 28 U.S.C. § 1446(b)(2)(A).

**V.      PROCEDURAL REQUIREMENTS**

16.     This Notice of Removal is signed by WPX's counsel pursuant to Federal Rule of Civil Procedure 11. *See* 28 U.S.C. § 1446(a).

17.     Pursuant to 28 U.S.C. § 1446(d), WPX will give notice of the filing of this Notice of Removal to Plaintiff and to the 109th Judicial District Court, Winkler County, Texas, in which Cause No. DC20-17754 is pending, by filing a Notice of Filing of Removal and serving this Notice of Filing upon Plaintiff's counsel.

18.     Along with this Notice of Removal, WPX has concurrently tendered the proper filing fee.

19.     Pursuant to 28 U.S.C. § 1446(a), the following documents are attached hereto:

    A.     All executed process in the case;

    B.     Plaintiff's Original Petition;

    C.     Defendant, WPX Energy Permian, LLC's Original Answer to Plaintiff's Original Petition;

    D.     Defendant Decca Consulting, Inc.'s Original Answer to Plaintiff's Original Petition;

    E.     Docket sheet from state court action;

    F.     An index of matters being filed; and

    G.     A list of all counsel of record, including addresses, telephone numbers and parties represented;

## PRAYER

WHEREFORE, WPX requests that the above-described action now pending in the 109th Judicial District Court of Winkler County, Texas be removed to this Honorable Court.

Respectfully submitted,

By: */s/ David L. Pybus*
David L. Pybus
State Bar No. 16418900
SD Bar No. 7519
dpybus@preisplc.com
24 Greenway Plaza, Suite 2050
Houston, Texas 77046
Tel: (713) 355-6062
Fax: (713) 572-9129

**ATTORNEY-IN-CHARGE FOR WPX ENERGY PERMIAN, LLC**

OF COUNSEL:
Alasdair A. Roberts
State Bar No.: 24068541
SD Bar No. 1197204
aroberts@preisplc.com
Elizabeth C. Cope
State Bar No. 24115825
ecope@preisplc.com
**PREIS PLC**
24 Greenway Plaza, Suite 2050
Houston, Texas 77046
Telephone: (713) 355-6062
Facsimile: (713) 572-9129

## **CERTIFICATE OF SERVICE**

In compliance with Rule 5 of the Federal Rules of Civil Procedure, I certify that on this the 20th day of March 2020, a true and correct copy of the above and foregoing document was served on all known counsel of record via electronic service:

Kurt Arnold
karnold@arnolditkin.com
Caj Boatright
cboatright@arnolditkin.com
Roland Christensen
rchristensen@arnolditkin.com
Joseph McGowin
jmcgowin@arnolditkin.com
ARNOLD & ITKIN LLP
6009 Memorial Drive
Houston, TX 77007
e-service@arnolditkin.com

Robert L. Craig
bobc@cthglawfirm.com
Marcy M. Erwin
merwin@ctghlawfirm.com
CRAIG, TERRILL, HALE & GRANTHAM, LLP
9816 Slide Road, Suite 201
Lubbock, TX 79424

*/s/ David L. Pybus*
David L. Pybus